UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MERLE PEMBERTON,                   )   CASE NO. 1:10 CV 1411
                                   )
            Petitioner,            )   JUDGE PATRICIA A. GAUGHAN
                                   )
      v.                           )
                                   )   MEMORANDUM OF OPINION
FRANCISCO PINEDA,                  )   AND ORDER
                                   )
            Respondent.            )

On June 24, 2010, Petitioner *pro se* Merle Pemberton filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Pemberton is incarcerated in an Ohio penal institution, having been convicted, in January 2005, of rape and felonious sexual penetration. For the reasons stated below, the Petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, Petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has determined that "[t]he

exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

Pemberton raises two grounds in support of the Petition. While these grounds were apparently raised on direct appeal to the Ohio Court of Appeals, the Petition reflects that Pemberton was denied a delayed appeal to the Ohio Supreme Court on June 3, 2009.

Although the Petition is silent concerning the reason Pemberton's Motion for Delayed Appeal was denied by the Ohio Supreme Court, this Court must assume the motion was denied because he failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Sup.Ct. R. II(2)(A)(4)(a). *See, Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Thus, Petitioner was procedurally barred from raising the grounds sought to be raised herein in the state court.

If a procedural bar in the state court exists, this Court will not consider the claims unless Petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him. *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991)(citing *Murray v Carrier*, 477 U.S. 478, 488 (1986)); *see also*, *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1990). No such showing is reasonably suggested by the Petition.

Further, even absent Pemberton's procedural default, his Petition is patently untimely under 28 U.S.C. § 2244(d)(1), which

-2-

places a one year limit to file a habeas action after the conviction becomes final. His 2009 unavailing Motion for Delayed Appeal cannot "retrigger" the statute of limitations for bringing a federal habeas action. *Searcy v. Carter*, 246 F.3d 515 (2001). Morevoer, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of any reasonable basis for tolling the one year statute of limitations. Therefore, the Petition would have to be dismissed as time-barred in any event.

Accordingly, the *in forma pauperis* request is granted, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 8/9/10